IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| AZTEC/SHAFFER, LLC and | § | Case No. 20-35599-11 |
| ASAIG, LLC, | § | |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |
| | § | |

**EMERGENCY MOTION TO DISMISS UNAUTHORIZED FILING**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**RELIEF IS REQUESTED NOT LATER THAN CLOSE OF BUSINESS ON NOVEMBER 23, 2020.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JUDGE OF SAID COURT:

AZTEC/SHAFFER, LLC ("Aztec") by and through Timothy R. Hassenger, its duly appointed and proper Manager ("Hassenger" or "Movant"), moves on an emergency basis to dismiss the alleged Voluntary Chapter 11 Petition (the "Petition") filed in the name of Aztec/Shaffer, LLC on or about November 17, 2020 (Dkt. No. 1), as an unauthorized filing.

## I. SUMMARY OF RELIEF REQUESTED

1. Movant files this Motion to Dismiss Unauthorized Filing (the "Motion") pursuant to 11 U.S.C. § 1112(b) and Rule 1017 of the Federal Rules of Bankruptcy Procedure as an unauthorized filing. The Petition was filed by Michael Hanks ("Hanks") and A. Kelly Williams ("Williams"), former managers of Aztec. As of the filing of the Petition, Aztec's secured lenders had exercised their rights and remedies to replace certain managers of Aztec with Hassenger, and Hanks and Williams had actual knowledge that such remedies had become effective. Despite this, Hanks and Williams elected to proceed with this unauthorized bankruptcy filing. Accordingly, these cases must be dismissed.

## II. PARTIES AND PROPERTIES

2. Hassenger was the sole authorized Manager of the alleged Debtor, Aztec, at the time of the purported filing in the late evening of November 17, 2020 (the "Petition Date") of the Petition in the name of Aztec.

3. On the Petition Date and several hours prior to the time of filing, Williams and Hanks, who attempted to authorize the bankruptcy filing, had been removed from their positions as managers of the company and were not authorized to file a bankruptcy petition for or on behalf of Aztec.[1]

---

[1] Aztec and ASAIG's petitions were filed at 11:45 p.m. and 11:48 p.m. respectively, while Hanks and Williams had been removed several hours prior, and indeed were even on notice of said removal by 6 p.m. the same day.

### III. STATUTORY BASIS FOR RELIEF

4. The statutory predicates for relief are 11 U.S.C. §1112(b), and Bankruptcy Rule 1017.

5. Because of the unauthorized nature of the filing, the Court lacks subject matter jurisdiction to adjudicate this Case.

6. This Court has not previously converted this Case from another chapter of the Bankruptcy Code.

### IV. FACTUAL AND PROCEDURAL BACKGROUND

#### A. THE LOAN DOCUMENTS

7. Aztec provides services related to large commercial tents and staffing for sporting events, specifically for golf tournaments hosted by the PGA, Inc. (the "PGA"). Aztec was not profitable before or after the onset of the current COVID-19 pandemic.

8. Prior to the Petition Date, Aztec was a party to that certain First Lien Credit Agreement dated as of February 13, 2019 (as amended, restated, supplemented, or otherwise modified from time to time, the "Credit Agreement"), by and among Aztec, as borrower, ASAIG, LLC, as guarantor ("Holdings"), Cortland Capital Market Services LLC (now known as Alterdomus), as term loan agent and collateral agent ("Collateral Agent"), TCB, as revolving agent ("Revolving Agent"), and the financial institutions party thereto from time to time, as lenders ("Lenders"), including American General Life Insurance Company ("American Life"), The Variable Annuity Life Insurance Company ("Variable"), American Home Assurance Company ("American Home," and collectively with American Life and Variable, "AIG").

9. To secure Aztec's obligations under the Credit Agreement, Aztec and Holdings granted to the Collateral Agent, for the benefit of the Lenders, an all-asset security interest in and lien upon substantially all of their assets pursuant to that certain First Lien Security Agreement

dated as of February 13, 2019 (the "Security Agreement"), by and among Aztec and Holdings, as grantors, and the Collateral Agent.

10. Among other collateral securing Aztec's obligations under the Credit Agreement, Holdings pledged its 100% equity interest in Aztec (the "Pledged Equity") in favor of the Collateral Agent for the benefit of the Lenders.

### B. EXERCISE OF THE COLLATERAL AGENT AND LENDERS' RIGHTS UNDER THE SECURITY AGREEMENT

11. Despite prevailing adverse business conditions, PGA was desirous for Aztec to stay in business through at least March 2021.

12. Multiple events of default had occurred under the Credit Agreement dating back to at last June of 2019. Despite the ongoing events of default, AIG and the PGA were prepared to enter into a forbearance agreement and amendment to the Credit Agreement whereby these parties would have agreed not to exercise remedies through March 31, 2021, conditioned upon Hassenger coming on board as the new, independent manager of Aztec. It was further contemplated that the primary revolving lender, TCB, would have been taken out by AIG and the PGA, with AIG and the PGA providing new funding through March 2021. The documents required to execute such transactions had been prepared and circulated to the necessary parties.

13. Even though this proposal was and is in the best interest of Aztec and the parties with major financial stakes, the prior managers of Aztec had rejected that proposal because it contemplated and was conditioned upon the removal or resignation of Williams and Hanks as managers of Aztec. Indeed, Williams expressly said as much in writing the morning of the Petition Date in an email to AIG, rejecting the appointment of an independent manager as a "nonstarter." A copy of said email is attached hereto as **Exhibit "A."**

14. On November 17, 2020, in advance of the filing of the Petition, and in accordance with the Security Agreement, AIG delivered the attached Letter of Direction (**Exhibit "B"**) to the Collateral Agent requesting that the Collateral Agent exercise rights with respect to the Pledged Equity in order to remove Williams and Hanks as managers and replace them with Hassenger.

15. Under the Security Agreement, the management change became effective immediately upon the execution of Hassenger's appointment, with no notice required. Specifically, the Security Agreement provides, in pertinent part:

(a) Section 15(a) of the Security Agreement provides that during the occurrence and continuation of an Event of Default, Collateral Agent may exercise all rights and remedies available to it in respect of the Pledged Equity and shall be appointed as the applicable Grantor's true and lawful attorney in fact and irrevocable proxy to exercise all rights to which a holder of the Pledged Equity would be entitled "*which such proxy shall be effective, automatically and without the necessity of any action . . . by any other person[.]*" (emphasis added).

(b) Also, section 16(a) provides that "each Grantor expressly agrees that, in the event of [an Event of Default], the Collateral Agent *without demand of performance or other demand, advertisement or notice of any kind* . . . to or upon any of Grantors or any other Person (*all and each of which demands, advertisements and notices are expressly waived* to the maximum extent permitted by the UCC or any other Applicable Law), may take immediate possession of all or any portion of the Collateral and . . . (ii) collect, receive, appropriate and realize upon any Collateral." (emphasis added).

16. In accordance with these provisions, no notice was required in order to effect the enforcement of the Collateral Agent's rights with respect to the Pledged Equity under the Security Agreement. The management change was effective immediately upon the signing of the underlying documents appointing Hassenger. The Security Agreement and Credit Agreement are attached as **Exhibits "C"** and **"D,"** respectively.

17. On November 17, 2020, in advance of the filing of the Petition, the Collateral Agent's counsel, Holland & Knight, delivered the attached Pledge Enforcement letter to Aztec and Holdings on behalf of the Collateral Agent. See **Exhibit "E"** hereto. In its capacity as attorney-in-fact of Holdings, the Collateral Agent removed the existing managers of Aztec (including Williams

and Hanks) and appointed Hassenger as sole manager by, among other things, executing that certain Written Consent (a copy of which is attached hereto as **Exhibit "F"**), removing all current managers, including Williams and Hanks, appointing Hassenger as an independent manager, and revoking any prior resolutions regarding the filing of a bankruptcy case.

18.   The Collateral Agent also exercised its rights as attorney-in-fact of Holding to execute a Second Amended and Restated Limited Liability Agreement of Aztec (the "Second A&R LLC Agreement," attached as **Exhibit "G"**), which was also sent to Aztec and Holdings on November 17 in advance of the filing of the Petition. This 2nd A&R LLC Agreement revised the existing operating agreement to provide that the authority to bind the company is vested in Hassenger is its sole manager.

19.   On November 17, 2020 after 11 p.m. (Central Time), Aztec and Holdings each filed the chapter 11 cases. The sheets show the time of the filing of the respective chapter 11 petitions. Joint Administration was granted on November 18, 2020.

## V.  GROUNDS FOR RELIEF

20.   Movant requests that the Court dismiss the Aztec case because neither Williams nor Hanks had authority to sign or file a Petition in bankruptcy on behalf of or against Aztec. Accordingly, the filing of the Aztec Petition was unauthorized.

21.   Hassenger, as the only authorized Manager of Aztec at the pertinent time, did not consent to the filing of the petition, does not consent now, and indeed was not even consulted in advance about the filing.

22.   The United States Supreme Court, the Fifth Circuit, and many bankruptcy courts have long recognized that the Bankruptcy Code's definition of "cause" for dismissal is not exhaustive and that an unauthorized filing is a cause for dismissal. *Treen v. Orrill, Cordell, & Beary, LLC (In re Delta Starr Broad., LLC)*, 422 Fed. Appx. 362, 368 (5th Cir. 2011) (citing *Price*

*v. Gurney*, 324 U.S. 100, 106, 65 S.Ct. 513, 89 L.Ed. 776 (1945) (finding that bankruptcy petitions on behalf of a business entity may only be filed by those who have authority to act for such entity under local law, and when such authority is lacking, the bankruptcy court does not acquire jurisdiction) and *In re Orchard at Hansen Park, LLC*, 347 B.R. 822 (Bankr. N.D. Tex. 2006)[2]; *see also Sino Clean Energy, Inc. v. Seiden (In re Sino Clean Energy, Inc.)*, 901 F.3d 1139 (9th Cir. 2018) (former director lacked authority to file "rogue bankruptcy petition"); *In re Squire Court Partners Limited Partnership*, 574 B.R. 701 (Dist. E.D. Ark. 2017) (general partner lacked authority under the controlling agreement without the consent of limited partners); *In re NNN 123 North Wacker, LLC*, 510 B.R. 854 (Bankr. N.D. Ill. 2014) (voluntary petition not authorized in accordance with LLC agreement); *In re Mid-South Bus. Assocs.,* 555 B.R. 565 (Bankr. N.D. Miss. 2016) (holding that if the trial court "finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative to dismiss the petition").  Among other things, a bankruptcy court lacks subject matter jurisdiction to consider a debtor's petition if those that purport to act on behalf of the debtor are not authorized to file the petition.

## VI.  BASIS FOR EMERGENCY RELIEF

23. On information and belief, Aztec has inadequate funds to operate even on a short term basis.

24. Aztec has payroll due on November 25, 2020 (the day immediately prior to Thanksgiving) and at present has no means to fund that payroll.

---

[2] As a twist on the facts of this case, the former manager of that limited liability company in *Orchard at Hansen Park* lacked standing to challenge the appropriateness of the voluntary petition, although other movants did have such standing and were successful in moving for dismissal for lack of authority.

25. Aztec has no basis to borrow required funding and is without the means to effect any priming lien over the objections of its pre-petition secured lenders.

26. The pre-petition secured lenders have asserted their rights in and to Aztec's cash collateral and have not consented to the use of cash collateral.

27. The transaction by and among Aztec, the PGA, TCB and AIG is still available on an out-of-court basis, but for recognition of the removal of Williams and Hanks, recognition of the installation of Hassenger, and the dismissal of Aztec's case.

**WHEREFORE**, Movant requests that **ON AN EMERGENCY BASIS** the Court: (i) grant the relief requested in this Motion; (ii) enter an Order dismissing the Aztec case with prejudice to any attempted refiling by Williams and/or Hanks; and (iii) grant Movant such further relief, at law or in equity, to which they may be justly entitled.

Dated: November 18, 2020.

        Respectfully submitted,

        */s/ J. Michael Sutherland*
        J. Michael Sutherland
        Texas State Bar No. 19524200
        Southern Dist. Admin No. 13736
        **CARRINGTON, COLEMAN, SLOMAN**
        **& BLUMENTHAL, L.L.P.**
        901 Main St., Suite 5500
        Dallas, TX 75202
        Telephone:   214-855-3000
        Facsimile:    214-580-2641
        Email:  msutherland@ccsb.com

        ***ATTORNEYS FOR AZTEC by and through***
        ***Timothy R. Hassenger as Manager***

## **CERTIFICATE OF SERVICE**

      I, the undersigned, certify that a true and correct copy of the above was served through electronic mail pursuant to the Electronic Case Management system of the United States Bankruptcy Court for the Southern District of Texas to all parties authorized to receive such service on November 18, 2020.

                                                  */s/  J. Michael Sutherland*
                                                  J. Michael Sutherland