**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 20-35599** |
| **AZTEC / SHAFFER, LLC,** *et al.*, | § | |
| | § | **Chapter 11** |
| Debtors.[1] | § | |
| | § | **(Jointly Administered)** |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
AUTHORIZING CONTINUED USE OF PREPETITION BANK ACCOUNTS,
CASH MANAGEMENT SYSTEM, FORMS, AND BOOKS AND RECORDS**

EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 23, 2020 AT 9:30 A.M. IN COURTROOM 404, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.  YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.

AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY.  YOU MAY ACCESS THE FACILITY AT (832) 917-1510.  YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES.  ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.

YOU MAY VIEW VIDEO VIA GOTOMEETING.  TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION.  TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING.  TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU.  SELECT "JUDGES' PROCEDURES" THEN "VIEW HOME PAGE" FOR JUDGE ISGUR.  UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING

---

[1] The debtors and debtors in possession these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Aztec / Shaffer, LLC (2038); and ASAIG, LLC (2323).  The Debtors' service address is: 601 W. 6th Street, Houston, Texas 77007.

**OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**RELIEF IS REQUESTED NOT LATER THAN NOVEMBER 23, 2020.**

Aztec / Shaffer, LLC, *et al*., the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this *Emergency Motion for Entry of an Order Authorizing Continued Use of Prepetition Bank Accounts, Cash Management System, Forms, and Books and Records* (the "Motion"), and in support hereof, respectfully states as follows:

## I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested in this Motion are sections 105, 345, 363, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## II.    BACKGROUND

A.    **In General**

3.    On November 17, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

4.    Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No official

committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

5.      Formed on or about April 14, 2015, Debtor Aztec / Shaffer, LLC ("Aztec"), a Texas limited liability company, is one of the premier party rental and tenting specialists in Houston, and provides services for events both domestically and internationally.  The Debtors' two business segments, Aztec Events and Shaffer Sports, have both been in business for over sixty (60) years.  The Debtor was formed to purchase the businesses from the former owner, Double Eagle Sports & Events.

6.      The Aztec Events segment of the business maintains the largest party and event rental inventory in the Houston metropolitan area.  It services individuals and corporate clientele hosting events ranging from small weddings to large corporate retreats. Such events include the Houston Livestock Show & Rodeo, the MS150 Bike Ride and the Offshore Technology Conference.   The Shaffer Sports division is a leading event rental company for sporting events throughout North America and the Caribbean.  The Debtor has established itself as the go-to service provider for more than 150 major events, including more than 40 of the PGA Tour's most prestigious golf tournaments, where it provides unique tenting, indoor and outdoor structures, seating, and other products designed meet the client's individual needs.

7.      Formed on or about January 23, 2019, Debtor ASAIG, LLC ("ASAIG"), a Texas limited liability company, was formed to act as the holding company for Debtor Aztec, its wholly-owned subsidiary.

8.      The Debtors maintain their corporate headquarters at 601 W. 6th Street, Houston, Texas 77007, but also maintain offices and a 125,000 square foot warehouse facility at 10901 Tanner Road, Houston, Texas 77041.

9.      Additional information about the Debtors' businesses and affairs, capital structure, prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of A. Kelly Williams in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which is filed on the Court's docket contemporaneously with this Motion and is incorporated herein by reference.

**B.      Debtors' Cash Management System**

10.      Prior to commencing these Chapter 11 Cases, in the ordinary course of their businesses, the Debtors utilized a cash management system (the "Cash Management System") to efficiently collect, transfer, and disburse funds generated by their business operations.  The Cash Management System includes various accounts (the "Accounts") with the Debtors' prepetition secured lender, Texas Capital Bank, N.A. ("TCB"), including checking disbursements, checking receivables, and payroll.  A fully listing of the Debtors' Accounts is attached hereto **Exhibit A** and incorporated herein by reference.

11.      The Accounts are managed by Aztec's Controller, Aida Urbaneja, and Aztec's Chief Financial Officer, Ryan McMinn.  Payments can be made from the Accounts in the ordinary course of business, or otherwise upon confirmation from Aztec's management and corporate officers.

### III.  RELIEF REQUESTED

12.      By this Motion, the Debtors seek entry of an order, substantially in the form submitted herewith: (i) authorizing the Debtors to continue using existing business forms and records; (ii) authorizing the Debtors to maintain their Cash Management System and bank Accounts; and (iii) waiving the requirements of Bankruptcy Code section 345(b).

## IV.   BASIS FOR RELIEF REQUESTED

**A.      Existing Business Forms and Records**

13.      In the ordinary course of their businesses, the Debtors use and maintain pre-printed correspondence and business forms, including, but not limited to, letterhead, envelopes, promotional materials and other business forms (collectively, the "Business Forms").  The Office of the United States Trustee for Region 7 (the "U.S. Trustee") has established certain guidelines (the "Guidelines") requiring, *inter alia*, that the Debtors' banks print "Debtor in Possession" and the bankruptcy case number on checks issued after the Petition Date.  Adopting a new set of Business Forms would create unnecessary administrative burdens and hardship and would cause unnecessary expense, utilization of resources, and delay.  To minimize administrative expense and delay, the Debtors requests authority to continue to use their Business Forms substantially in the form existing immediately prior to the Petition Date, without reference to the Debtors' status as debtors in possession.  If the Debtors exhaust their supply of checks during these Chapter 11 Cases, the Debtors will print or order checks with the designation "Debtor in Possession" and the corresponding bankruptcy case number.

**B.      Continued Use of Accounts and Cash Management System**

14.      Given the nature of their businesses, the uninterrupted use of the Debtors' Accounts is vital to their business operations and overall Cash Management System.  As currently established, the Debtors' existing Accounts and Cash Management System function smoothly and permit the efficient collections and disbursements of cash for the benefit of the Debtors and all parties in interest.  To open new accounts will cause delay and disruption to the Debtors' businesses and potentially hinder the receipt of production funds needed for the Debtors' operations.  Specifically, closing the Accounts and opening new debtor in possession

5

accounts would disrupt the Debtors' outstanding draw requests, require the Debtors to organize and update ACH for all service providers and other vendors, as well as reset their payroll submission system with ADP, LLC ("ADP").  Thus, the Debtors' transition into the Chapter 11 Cases will be significantly less disruptive if the Accounts are maintained at Texas Capital Bank, N.A. following the Petition Date with the same account numbers, and, where applicable, automated relationship.

15.     The Debtors' Cash Management System constitutes an ordinary course, essential business practice providing significant benefits to the Debtors including, among other things, the ability to: (i) control funds; (ii) ensure the availability of funds when necessary; and (iii) reduce costs and administrative expenses by facilitating the movement of funds and the development of more timely and accurate Account balance information.  Any disruption of the Cash Management System could have an adverse impact upon the Debtors' ability to operate efficiently during these Chapter 11 Cases.

16.     As set forth above, the relief requested in this Motion is vital to ensuring the Debtors' transition into bankruptcy.  Given the exigent circumstances under which the Chapter 11 Cases were filed, authorizing the Debtors to maintain their Cash Management System will avoid many of the possible disruptions and distractions that could further divert the Debtors' attention from more pressing matters during the initial days of the Chapter 11 Cases.  No checks issued prior to the Petition Date will be honored, except as otherwise provided by separate order of this Court.  The Debtors reserve their rights pursuant to section 549 of the Bankruptcy Code with respect to any check issued prepetition that is inadvertently honored post-petition.  The Debtors will continue to maintain records respecting all transfers between and among the Accounts so that all transactions can be ascertained after they have occurred.

17.     Accordingly, the Debtors respectfully request authority to maintain their Accounts and the Cash Management System in accordance with their usual and customary practices to ensure a smooth transition with minimal disruption to operations.  The Debtors also request authority to close any of the Accounts if, in the exercise of their business judgment, the Debtors determine that such action is in the best interests of their estates.

**C.     Requested Waiver of Certain U.S. Trustee Guidelines**

18.     The U.S. Trustee Guidelines were also established to supervise the administration of chapter 11 cases and prevent post-petition payments for prepetition claims.  The Guidelines require chapter 11 debtors in possession to, among other things: (i) close all existing bank accounts and open new debtor in possession bank accounts (which must be opened at banks approved by the U.S. Trustee); (ii) establish separate bank accounts for operations, payment of taxes, cash collateral and payroll (to the extent that the debtor had a separate payroll account prepetition); and (iii) obtain new checks bearing the designation "Debtor in Possession," along with additional information.  *See* Guidelines for Debtors in Possession, Information Regarding Bank Accounts, at §§ A-G.

19.     The Debtors submit that compliance with these requirements would create substantial and unnecessary administrative burdens.  Requiring the Debtors to open new bank accounts and alter the Cash Management System would impose unnecessary expense, confusion, and diversion of scarce time and personnel, and would hinder the efficient use of the Debtors' scarce resources during the critical first days of these Chapter 11 Cases.  On the other hand, permitting the Debtors to maintain their existing Accounts and Cash Management System (or to make only such changes as are appropriate in the ordinary course of business) will prevent

disruption of the Debtors' operations and will not prejudice any party in interest.  Moreover, TCB is on the U.S. Trustee's list of approved depositories.

20.      The Debtors' existing procedures adequately address the concerns that underlie the U.S. Trustee's Guidelines.  The Debtors presently maintain sophisticated, computerized accounting and record keeping systems related to their Accounts and business operations, and will be able to ensure that all prepetition and post-petition transactions are properly accounted for and can easily be distinguished.  The Debtors will continue to maintain complete and accurate records of all transfers of funds in and out of the Accounts.

21.      Based on the foregoing, the Debtors seek the following specific relief with respect to their Accounts, Cash Management System, and Business Forms:

> a.  A waiver of the requirement that the Debtors' prepetition Accounts be closed and new post-petition bank accounts be opened;
>
> b.  Approval to maintain and continue to use without change in account style the Debtors' existing Accounts; *provided*, *however*, that any new check stock used by the Debtors shall contain the designation "Debtor in Possession" and the corresponding bankruptcy case number;
>
> c.  Approval to maintain and continue to use their existing Cash Management System;
>
> d.  Approval to use, in their present form, all Business Forms and other forms related to the Debtors' Accounts;
>
> e.  Entry of an order authorizing TCB and any other bank where the Debtors have their Accounts, to maintain and administer the Debtors' Accounts in accordance with the contracts entered into between the applicable Debtor and such banks before the filing of the Chapter 11 Cases and otherwise in accordance with past practice, and enjoining such banks from freezing or otherwise impeding the Debtors' Accounts; *provided*, *however*, that the banks shall not honor any checks issued on such Accounts on a date prior to the commencement of the Chapter 11 Cases and presented for payment post-petition or honor any post-petition automatic or pre-authorized debits related to prepetition transactions, unless otherwise authorized to do so by order of the Court.

## V.   BASIS FOR RELIEF REQUESTED

A.   **Approval to Maintain the Status Quo is Routinely Granted Under Bankruptcy Code Sections 105 and 363**

22.     Bankruptcy Code section 105(a) authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Section 105(a) is intended "to assure the bankruptcy courts['] power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2-105 Collier on Bankruptcy ¶ 105.01 (15th ed. 2015).  The relief requested in this Motion is necessary to preserve business continuity and to lessen the likelihood of disruption to the Debtors' operations and is in the best interests of the Debtors' creditors.  The Debtors respectfully submit that the relief under section 105(a) is warranted under these circumstances.

23.     The bankruptcy court in *In re Columbia Gas Sys., Inc.* explained that a centralized cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash." *In re Columbia Gas Sys., Inc.*, 1136 B.R. 930, 934 (Bankr. D. Del. 1993), *aff'd in part and rev'd in part*, 997 F.2d 1039 (3rd Cir. 1993).  The Third Circuit agreed, emphasizing that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient." *Columbia Gas*, 997 F.2d at 1061; *see also In re Southmark Corp*., 49 F.3d 111, 114 (5th Cir. 1995) (cash management system allows debtor "to administer more efficiently and effectively its financial operations and assets").

24.     Additionally, Bankruptcy Code section 363(c)(1) authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).  Section 363(c)(1) extends to a debtor's continued use of its customary cash management system and, thus, supports the relief requested herein.  *See, e.g. Amdura Nat'l*

*Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996); *Charter Co. v. Prudential Ins. Co. Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (indicating that an order authorizing the debtor to employ a cash management system that was "usual and customary in the past" was "entirely consistent" with section 363(c)(1) of the Bankruptcy Code).

25.     In other cases in this District, this Court has granted relief substantially similar to that requested in this Motion.  *See, e.g., In re Alta Mesa Resources, Inc., et al.*, No. 19-35133 (MI) (Bankr. S.D. Tex. Oct. 7, 2019); *In re Sherwin Alumina Co., LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Jan. 13, 2016); *In re RAAM Global Energy Co.*, No. 15-35615 (MI) (Bankr. S.D. Tex. Nov. 18, 2015); *In re Buccaneer Res. LLC*, No. 14-60041 (DRJ) (Bankr. S.D. Tex. June 4, 2014); *In re ATP Oil & Gas Corp.*, No. 12-36187 (MI) (Bankr. S.D. Tex. Aug. 22, 2012).

## VI.  BASIS FOR EMERGENCY RELIEF

26.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could cause irreparable harm.  Furthermore, the failure to receive the requested relief would severely disrupt the Debtors' operations at this critical juncture and imperil the Chapter 11 Cases. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## VII.  <u>REQUEST FOR WAIVER OF STAY</u>

27.     To the extent that the relief sought in this Motion constitutes a use of property under Bankruptcy Code section 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied.  As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of the estates.

## VIII.  <u>RESERVATION OF RIGHTS</u>

28.     Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity of an prepetition claim against any Debtor entity; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (iii) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (iv) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (v) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## IX.  <u>NOTICE</u>

29.     Notice of this Motion has been provided by telecopy, email, overnight courier and/or hand delivery, to: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the Debtors' prepetition secured lenders, Texas Capital Bank, N.A. and AIG Asset Management (U.S.), LLC; (iii) the collateral agent and administrative agent for the prepetition secured lenders, Cortland Market Services LLC; (iv) the 30 largest unsecured creditors of each of the respective Debtors (as found on Official Form 204); (v) the Internal Revenue Service; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002.   Under the

circumstances, such notice of the hearing and the relief requested in the Motion constitutes due, sufficient and appropriate notice and complies with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9014, the Bankruptcy Local Rules and the Complex Case Procedures.  The Debtors submit that no other or further notice need be provided.

## X.  <u>PRAYER</u>

WHEREFORE, the Debtors respectfully requests that the Court enter an order, substantially in the form attached hereto: (i) granting the relief requested in this Motion; and (ii) granting the Debtors such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 21st day of November, 2020.

**OKIN ADAMS LLP**

By:      /s/ *Matthew S. Okin*
        Matthew S. Okin
        Texas Bar No. 00784695
        Email: mokin@okinadams.com
        David L. Curry, Jr.
        Texas Bar No. 24065107
        Email: dcurry@okinadams.com
        Ryan A. O'Connor
        Texas Bar No. 24098190
        Email: roconnor@okinadams.com
        1113 Vine St., Suite 240
        Houston, Texas 77002
        Tel: 713.228.4100
        Fax: 888.865.2118

**PROPOSED ATTORNEYS FOR THE DEBTORS**

**CERTIFICATE OF ACCURACY PURSUANT TO B.L.R. 9013-1(i)**

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify to the accuracy of the matters set forth in the foregoing Motion.

By:      /s/ *Matthew S. Okin*
        Matthew S. Okin